# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| DONALD SHERMAN, | ) | |
| Petitioner, | ) | 2:02-CV-1349-LRH-LRL |
| vs. | ) | |
| | ) | **ORDER** |
| E.K. McDANIEL, *et al.*, | ) | |
| Respondents. | ) | |

This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Donald Sherman, a Nevada prisoner sentenced to death. On November 8, 2010, Sherman filed a second amended petition for writ of habeas corpus. Docket # 102. On March 1, 2011, after obtaining an extension of time, respondents filed a motion entitled "Motion for Compliance with Rule 2 of the Rules Governing Section 2254 Cases." Docket #119. On March 18, 2011, Sherman filed an opposition to the motion. Docket #120. Respondents did not file a reply. Having considered all of the points and authorities in support of and in opposition to the motion, the court finds and concludes as follows.

Respondents' motion is premised on Rule 2(c) and (d) of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter Habeas Corpus Rules) and on LSR 3-1 of this court's Local Rules of Practice. Rule 2(c) and (d) provides:

> **(c) Form**. The petition must:
>> (1) specify all the grounds for relief available to the petitioner;
>> (2) state the facts supporting each ground;
>> (3) state the relief requested;

>   (4) be printed, typewritten, or legibly handwritten; and
>   (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.
>
>   **(d) Standard Form.**  The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.  The clerk must make forms available to petitioners without charge.

LSR 3-1 states:

>   A petition for writ of *habeas corpus*, filed by a person who is not represented by an attorney, shall be on the form provided by this court.  If a petition for writ of habeas corpus is filed by an attorney on behalf of a person seeking relief, it shall be on the form supplied by the court or shall contain all of the information required in the Model Form for Use in Application for *Habeas Corpus* under 28 U.S.C. § 2254 in the Appendix of Forms to the Rules Governing Section 2254 Cases in the United States District Courts.

In this case, petitioner's second amended petition was filed on his behalf by his appointed counsel.  Therefore, under LSR 3-1, the petition must either be on the form supplied by the court or contain all of the information required in the Model Form.  *See* LSR 3-1.

Respondents argue that petitioner's second amended petition has the following shortcomings.  The petition does not contain two required warnings: (1) that any false statement of a material fact may serve as the basis for prosecution and conviction for perjury and (2) that the petitioner must include all grounds for relief and all facts supporting such grounds and that failure to set forth all grounds in the petition may bar presentation of additional grounds at a later date.  The petition does not indicate whether this is Sherman's first federal petition challenging this conviction and the results, if any, of any prior petition; and, whether he has any petition, application, motion, or appeal now pending regarding this conviction.  Lastly, respondents complain that Sherman "does not identify with specificity where, when or how he supposedly exhausted many of the grounds presented in his second mended petition." Docket #119, p. 3.

It is notable that, in cases in which a petitioner is represented by counsel and counsel chooses not to use the form provided by this court, the terms of LSR 3-1 require that counsel include in the petition all of the information required in the Model Form – not all of the information required in the form provided by this court.  There is a difference.  The form provided by this court is not identical

2

to the Model Form.

The Model Form includes instructions, some of which may be read to include the admonishments referred to by respondents. However, the declaration in the Model Form, to be signed by the petitioner, does not include any mention of those admonishments.

Moreover, this court's local rule regarding the form of habeas corpus petitions, LSR 3-1, does not state that any particular instructions or admonishments must be included in a petition drafted by counsel. The local rule states that the petition in such cases "shall contain all of the information required in the Model Form...." LSR 3-1. The court reads that to mean all the information that the Model Form requires the petitioner to provide – not the instructions or admonitions found in the Model Form.

It appears that the instructions and admonitions in the Model Form are addressed to *pro se* petitioners. In this case, petitioner has counsel. Counsel is bound by Rule 11 of the Federal Rules of Civil Procedure, which addresses respondents' concern about false statements of fact. In addition, counsel is under an ethical duty to "provide competent representation" to petitioner. Nevada Supreme Court Rule 151. The ethical duty of competent representation "requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." *Id*. Furthermore, counsel is ethically required "to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." Nevada Supreme Court Rule 154. It is with these fundamental aspects of the attorney's role in mind that the court reads LSR 3-1.

The court will not require further amendment of the petition in this action to obtain from petitioner an acknowledgment of admonitions, as requested by respondents. The applicable rules do not require as much.

As to information about whether this is Sherman's first federal petition and whether he has any other action pending, the cited rules require that such information be contained in the petition irrespective of whether it is filed *pro se* or by counsel. *See* Habeas Corpus Rules, Forms App., 28 U.S.C. § 2254 (questions 14. and 15.). However, as Sherman notes in his response to respondents' motion, his second amended petition includes a comprehensive procedural history recounting all

challenges and appeals in state and federal court relevant to this case. Docket #103, p. 1-4. Furthermore, his response confirms that there are currently no other actions pending in relation to his convictions. Accordingly, the court will not require petitioner to further amend his petition to state such information.

Likewise, the court also concludes that Sherman has fulfilled any obligation he may have to plead the exhaustion status of his habeas claims. To the extent that his petition is deficient in this regard, Sherman's response to respondents' instant motion includes, for each of his claims, a summary of when, where, and how the claim was purportedly exhausted. Because the respondents did not avail themselves of the opportunity to file a reply to Sherman's response, the court is left to assume that respondents concede that this statement of exhaustion is adequate.

**IT IS THEREFORE ORDERED** that respondents' "Motion for Compliance With Rule 2 of the Rules Governing Section 2254 Cases" (docket #119) is DENIED.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** from the date this order is entered to file and serve an answer or other response to the second amended petition (docket #103).

**IT IS FURTHER ORDERED** that, in all other respects, the schedule set forth in the scheduling order entered on November 19, 2010 (docket #108), shall remain in effect.

DATED this 7th day of April, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE